UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED FOOD AND COMMERCIAL WORKERS UNION, LOCAL 791, AFL-CIO | ) ) ) ) |
| Plaintiff | ) ) ) |
| v. | ) ) ) |
| SHAW'S SUPERMARKETS, INC.<br>Defendant | ) ) ) ) |

CIVIL ACTION NO. 03 12472 RCL

# COMPLAINT, COMPENSATORY AND INJUNCTIVE RELIEF REQUESTED

## Jurisdiction

1. This is an action to confirm an arbitrator's award brought pursuant to Section 301, Labor-Management Relations Act, 29 U.S.C., § 185(a), 28 U.S.C. § 1337, and 28 U.S.C. § 2201, and this Court's original and statutory jurisdiction.

## Parties

2. Plaintiff United Food and Commercial Workers Union, Local 791, AFL-CIO ("Union"), is a labor organization representing employees throughout Massachusetts in an industry affecting commerce as defined in 29 U.S.C. § 152(6) and (7), including a bargaining unit of employees employed by the defendant Shaw's Supermarkets, Inc., located within this judicial district.

3. Shaw's Supermarkets, Inc. (the "Employer") is an employer in an industry affecting commerce and is engaged in commerce within the meaning of 29 U.S.C. §§ 185

   Disability benefit calculated on the basis of a regular hourly rate and those calculated on the basis of gross hourly pay, including overtime pay.

 9. On September 4, 2003, almost three months after the Arbitrator's Award had been issued, the Employer had neither made employees whole or discontinued the practice of excluding overtime earnings from the supplemental STD benefits, as directed by the Arbitrator and in clear violation of the Arbitrator's Award. Accordingly, the Union's counsel wrote to the Employer's counsel, demanding compliance with the award. A copy of the Union counsel's September 4, 2003 letter is attached as Exhibit B.

 10. Thereafter, the Employer's counsel stated that the Employer would provide damage figures to the Union by mid-October, 2003. However, no such figures were forthcoming, prompting a second letter from Union's counsel demanding the remedy figures. A copy of the Union counsel's October 15, 2003 letter is attached as Exhibit C.

 11. Notwithstanding the plain and unambiguous language of the Award, the Employer refused and failed to comply with the Award. Instead, on October 20, 2003, the Employer's counsel finally responded in a letter that proposed a remedy patently in violation of the Arbitrator's Award. A copy of the Employer counsel's October 20, 2003 letter is attached as Exhibit D.

 12. On October 28, 2003, the Union's counsel wrote to the Employer's counsel setting forth the two errors in the Employer's proposed remedy. First, instead of following the Arbitrator's Award and calculating Supplemental Short Term Disability benefits by adding overtime pay and other earnings earned by employees in the eight weeks immediately preceding the disability, the Employer violating the Arbitrator's Award by deducting voluntary time off or other unpaid absences from the employees' regular weekly pay. Second, the Employer's proposed calculation of damages violated

the Arbitrator's Award by adding "the additional premium amount that the employee would have paid for the same period of coverage for a plan providing the benefits as determined by the Arbitrator." A copy of the Union counsel's October 28, 2003 letter is attached as Exhibit E.

13. Thereafter, the Employer has implemented a Supplemental STD policy that patently violates the Arbitrator's Award. This unlawful policy is set forth in a letter from the Employer's counsel, dated November 5, 2003 and attached as Exhibit F.

14. First, instead of following the Arbitrator's Award and calculating Supplemental Short Term Disability benefits by adding overtime pay and other earnings earned by employees in the eight weeks immediately preceding the disability, the Employer is deducting voluntary time off or other unpaid absences from the employees' regular weekly pay in calculating Supplemental Short Term Disability benefits. As a result, some employees are, and will, receive a Supplemental Short Term Disability benefit that is less than their current benefit and in violation of the Arbitrator's Award.

15. Second, as of January 1, 2004, the Employer is intending to institute a premium adjustment to the employees' Supplemental Short Term Disability benefits that includes employees' overtime earnings. As a result, some employees will be required to pay a premiums higher than their current benefit premium and in violation of the Arbitrator's Award.

16. The Employer's unlawful actions have caused some employees currently on disability leave to suffer a substantial *reduction* in their disability benefit, causing them substantial and immediate injury and hardship.

4

17. In an effort to resolve the dispute between the parties as to the remedy provided by the Arbitrator's Award, the Union has offered to have the issue remanded to the Arbitrator for an expedited resolution of these remedial issues. A copy of the Union counsel's letter, dated November 18, 2003, offering to remand this matter back to the Arbitrator, is attached hereto as G.

18. To date, the Employer has failed to respond to the Union's offer.

19. Preliminary injunctive relief is required because without the granting of such relief, employees are currently being subject to an improper reduction in their Supplemental Short Term Disability benefits in violation of the Arbitrator's Award. As a result, these employees are subject to immediate and substantial financial hardship at a time when they are on leave from work as a result of disability and in need of their full and proper benefit.

## Request for Relief

20. Wherefore, this Court is requested to issue preliminary and permanent injunctive relief barring the Employer from reducing the employees' Supplemental Short Term Disability benefit in the manner set forth above.

21. The Union therefore requests this Court grant judgment confirming the Award of Arbitrator Alleyne in its entirety and ordering the Employer to cease and desist from: (1) deducting voluntary time off or other unpaid absences from the employees' regular weekly pay for the purposes of calculating Supplemental Short Term Disability benefits; and (2) adjusting employees' premiums to reflect average gross pay, including overtime earnings, for the eight weeks immediately preceding the disability.

22. In the alternative, the Union requests this Court to order that this matter be remanded back to Arbitrator Alleyne for expedited clarification and resolution of the parties' outstanding remedial issues.

23. The Union further requests judgment awarding the Union its costs and reasonable attorney's fees; and such other relief as this Court deems just.

        UNITED FOOD AND COMMERCIAL
        WORKERS UNION, LOCAL 791,
        AFL-CIO,

        By its attorneys,

        *[signature]*

        Terence E. Coles, Esq., BBO #600084
        Pyle, Rome, Lichten & Ehrenberg, P.C.
        18 Tremont Street, Suite 500
        Boston, MA 02108
        (617) 367-7200

Dated: 12/8/03